**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUN LI,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-71304<br><br>Agency No. A098-006-585<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Yun Li, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture.  Our jurisdiction is governed by 8

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence factual findings, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny in part, grant in part, and dismiss in part the petition for review, and we remand.

We reject Li's contention that the BIA erred in not addressing the IJ's denial of her asylum application as time-barred. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation); *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the BIA did not need to reach the merits of petitioner's claim when a threshold determination showed petitioner was ineligible for relief). Li has not exhausted her contention that the IJ improperly acted as a prosecutor in questioning her about her entry into the United States. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence does not support the BIA's adverse credibility finding based on inconsistencies in Li's testimony regarding her church attendance in the United States. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003) (minor inconsistencies that do not go to the heart of petitioner's claim are insufficient for an adverse credibility finding). Further, substantial evidence does not support the BIA's findings that it was implausible that Li was baptized on the first day she attended church and implausible she did not know Auntie Li's first

name. *See Joseph v. Holder*, 600 F.3d 1235, 1245-46 (9th Cir. 2010) (adverse credibility finding was improperly based on speculation regarding the petitioner's depth of knowledge and actions). Finally, the agency's demeanor finding based on Li's response to a confusing question is not supported. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 685-87 (9th Cir. 2003) (demeanor finding must be specific and cogent). Because none of the findings are supported, Li was not required to produce corroborating evidence. *See Joseph*, 600 F.3d at 1246. Thus, we grant the petition for review and remand Li's claims on an open record, *see Soto-Olarte v. Holder*, 555 F.3d 1089, 1093-96 (9th Cir. 2009), for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; DISMISSED in part. REMANDED.**